### ALBERTO GARZA V. THE STATE.

No. 23539. Delivered January 15, 1947.

No attorney of record on appeal for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the state penitentiary for a period of five years.

Appellant brings forward four bills of exception. In the first of which he claims that the evidence is insufficient to sustain his conviction.

The State's evidence shows that on the night of January 29, 1946, the home of Mrs. Vera Spollin was entered by force and some jewelry, including a diamond ring, was taken therefrom. Appellant was arrested on suspicion, and while in confinement he made a written confession to Clyde Rice, an identification officer, which is in due form, in which he admitted that he kept watch while Francisco Flores entered the home and stole some jewelry, wearing apparel and other small articles. The State also proved that appellant sold one watch to his father and one to his brother which were taken from the home of Mrs. Spollin on the night in question.

Appellant took the witness stand and testified that he was on a visit to his wife in Mexico at the time in question. He denied that his confession was voluntary and claimed that he was whipped by Sandoval, a city detective; that in order to avoid further punishment at the hands of Sandoval he made the statement, but that it was not true. The officer denied that he whipped the appellant. It will thus be noted that an issue of fact was raised which the jury decided adversely to him, and this court would not be authorized to disturb their verdict.

Appellant admitted that he sold the watches but claimed that Flores gave him the watches with the request that he sell them for him, which he did.

Under the facts of this case, we would not be justified in holding the evidence insufficient to sustain the jury's conclusion of his guilt.

By Bill of Exception No. 2 complaint is made of the action of the trial court in admitting in evidence, over appellant's timely objection, his purported voluntary confession. The issue of whether the confession was voluntarily made became an issue of fact which the court, under a proper instruction, submitted to the jury. Therefore, the bill fails to reflect any error.

Bill No. 3 complains that the indictment charged that appellant committed the offense of burglary by force, threats and fraud, and that the evidence failed to support the allegations. The evidence relative to the issue is that the screen was cut on the door and the latch then raised, which enabled the burglar to enter the house. This was sufficient to show that the entry into the home of Mrs. Spollin was by force. The cautious trial judge, in submitting the case to the jury, limited their consideration to the issue burglary by force only. Consequently the bill fails to reflect error.

By Bill No. 4 it is made to appear that upon the trial appellant interposed a plea of alibi, claiming that he was in Monterrey, Mexico, at the time of the commission of the offense, to which he claims that his wife would testify, if present. However, from the testimony of Mrs. Spollin it appears that a day or two after the commission of the offense she saw appellant in the custody of the officers in San Antonio. The trial court, in his qualification of the bill, states that appellant at no time prior to his trial made any application for a continuance by reason of the absence of his wife, nor did he show any diligence whatever to obtain her testimony. Under the facts disclosed by the court's qualification, we see no error reflected by the bill.

Finding no error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.